```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA
```

FLOYD V. COLVIN, ET AL.                        CIVIL ACTION

VERSUS                                         NO. 11-2222

DEPUY ORTHOPAEDICS, INC., ET AL.               SECTION "F"

<u>ORDER AND REASONS</u>

Before the Court are two motions: (1) defendants DePuy Orthopaedics, Inc.'s and Johnson & Johnson's motion to stay all proceedings pending transfer to MDL No. 2197 – *In re: DePuy Orthopaedics, Inc., ASR Hip Implant Products Liability Litigation*; and (2) the plaintiffs' motion to remand.  For the following reasons, the defendants' motion to stay pending transfer to MDL No. 2197 is GRANTED, and the Court defers ruling on the plaintiffs' motion to remand, which can be resolved by the transferee judge, if the case is transferred, or revisited by this Court if necessary.

<u>Background</u>

On August 26, 2010 DePuy initiated a voluntary recall of its ASR Hip Systems product.  Numerous lawsuits followed.  On August 31, 2010 the plaintiff in <u>Brigham v. DePuy Orthopaedics, Inc., et al.</u> (N.D. Cal.), Case No. 3:10-cv-3886-EMC requested that an MDL be created, a request the defendants did not oppose.  On December 3, 2010, the United States Judicial Panel on Multidistrict Litigation entered a transfer order pursuant to 28 U.S.C. § 1407, assigning MDL No. 2197: <u>In re DePuy Orthopaedics, Inc., ASR Hip Implant</u>

1

Products liability Litigation to the Honorable David A. Katz, United States District Judge for the Northern District of Ohio. More than 2100 actions have now been transferred to or filed in the MDL court.

One of these hip prostheses, which was manufactured by DePuy and distributed by Mark Starring and Associates, was implanted in Floyd Colvin's left hip in April 2008. On August 12, 2011 Floyd Colvin and his wife sued DePuy Orthopaedics, Inc., Johnson & Johnson Services, Inc., Mark Starring and Associates, and Jefferson Parish Hospital in state court. On September 7, 2011 DePuy and Johnson & Johnson removed the suit to this Court, invoking this Court's diversity jurisdiction and contending that Jefferson Parish Hospital and Mark Starring and Associates, local defendants, were improperly joined to defeat diversity jurisdiction.[1] The plaintiffs now seek remand of this case to state court, and defendants DePuy and Johnson & Johnson request that the Court stay all proceedings pending transfer to MDL No. 2197.

I.

A.

The defendants submit that they intend to seek transfer of this lawsuit to the MDL proceeding because this lawsuit concerns the same factual inquiries that will be litigated in the ASR Hip

---

[1] On September 14, 2011 the Court granted the plaintiffs' motion to dismiss their claims against Jefferson Parish Hospital.

Systems product liability cases generally.  They expect that a conditional transfer order will be issued shortly after they notify the Judicial Panel on Multidistrict Litigation pursuant to the tag-along procedure contained in the JPML Rules.  To date, they point out, 116 federal district courts across the country handling these cases have granted motions to stay all proceedings.  A stay, the defendants suggest, will serve the interest of judicial economy and fairness to the parties, and will avoid wasting the Court's resources while the case awaits transfer.

The plaintiffs counter that the defendants' removal of this case to this Court "is simply a ploy to have this legitimate state court case, and many others, transferred to an MDL...." Accordingly, the plaintiffs contend that the Court should deny the defendants' request to stay and instead grant the plaintiffs' motion to remand.

*B.*

The defendants seek to invoke this Court's inherent power to stay, which as the Supreme Court has observed is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  When determining whether to exercise its discretion to stay proceedings, the Court "must weigh competing interests and maintain an even balance." Id.  Relevant factors for

the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co., No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009)(citation omitted). As another Section of this Court has aptly summarized the Court's inherent power to stay cases in the MDL context:

> The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this Court's discretion. It is advisable, however, for a district court to defer the resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court. See Manual for Complex Litigation § 31.131, at 252 (3d ed. 2000)("[I]t may be advisable to defer certain matters until the panel has the opportunity to rule on transfer."). Deference to the MDL court for resolution of these matters provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system. See 28 U.S.C. § 1407.

Scott v. Bayer Corp., No. 03-2888, 2004 WL 63978, at *1 (E.D. La. Jan. 12, 2004)(Fallon, J.)(granting defendant's motion for stay pending transfer ruling, and finding that the plaintiff would not be unduly prejudiced if the case was stayed, even though a motion to remand was pending).

II.

The Court finds that a temporary stay pending a decision on

4

the transfer of this case to the MDL court is appropriate.  The plaintiffs will not be unduly prejudiced if proceedings, including a hearing on their motion to remand, are stayed pending a decision by the MDL panel as to the transferability of the case.[2]  Moreover, the defendants face the burden of litigating numerous cases in multiple jurisdictions.  Furthermore, a stay is advisable for the additional reason that the interests of judicial economy will be served by a temporary stay, and the risk of inconsistent rulings in related cases (including on the issue of the appropriateness of remand) will be minimized.  Indeed, as the MDL Panel has observed, "[t]he pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings" because such motions "can be presented to and decided by the transferee judge."  In re Vioxx Products Liab. Litig., 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005).  Other Sections of this Court have concluded -- when faced with a potential transfer to MDL No. 2197: In re DePuy Orthopaedics, Inc., ASR Hip Implant Products liability Litigation -- that a stay is appropriate, notwithstanding pending motions to remand.  See Teresa Laman v. DePuy Orthopaedics, Inc., No. 10-4658 (E.D. La. Jan. 31, 2011), Rec. Doc. 32 (Africk, J.)(granting the defendants' motion to stay and deferring ruling on

---

[2]The defendants submit that DePuy has implemented a process to assist patients without health care coverage to determine the options available to them and through which they can obtain reimbursement of their eligible recall-related out-of-pocket expenses.

the plaintiff's motion to remand); <u>Lyndon Butler v. DePuy Orthopaedics, Inc.</u>, No. 10-4637 (E.D. La. Jan. 31, 2011), Rec. Doc. 21 (Engelhardt, J.)(same).

Accordingly, the defendants' motion to stay proceedings pending transfer to MDL No. 2197 is GRANTED. This matter is stayed and administratively closed pending the MDL Panel's determination regarding transfer. Because this matter is stayed, the Court will defer ruling on the plaintiffs' motion to remand.

New Orleans, Louisiana, October 19, 2011.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE